UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Guadalupe Oliva,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Clark County Detention Center,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-00959-RFB-DJA<br><br>**Order** |

  Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert jurisdiction or sufficient facts, it dismisses her complaint with leave to amend.

**I.** ***In Forma Pauperis* Application**

  Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.** **Screening the Complaint**

  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A.     The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff alleges that on February 24, 2021, unidentified individuals at the Clark County Detention Center (CCDC) broke two of her fingers, dislocated her shoulder in three places, called her "the party girl" and "the church," sexually harassed her, and threatened to rape her. (ECF No. 1-1 at 4). She alleges that on March 11, 2021, unidentified individuals sedated her for no reason, after which she woke up naked and with bruises and tailbone and lower back pain. (*Id.*). On May 5, 2021, Plaintiff alleges that unidentified individuals broke her right wrist for no reason while she was in handcuffs and took her to a "tank" instead of to court. (*Id.*). She asserts that these individuals hurt her ribs and ignored her when she pressed the button for medical aid. (*Id.*).

Plaintiff's complaint lacks sufficient factual detail to state a cognizable claim. While she claims to have suffered injuries and harassment apparently while incarcerated at CCDC, she does not connect her injuries to anyone associated with CCDC. Nor does she allege that CCDC encouraged, condoned, or knew about these actions. Plaintiff also fails to include the legal basis for her claims, for example, whether the defendants violated her Constitutional rights.

Plaintiff also checks the box for diversity jurisdiction, but there does not appear to be diversity jurisdiction in this case. (ECF No. 1-1 at 3). She asserts that she is a resident of the United States generally but lists a Nevada address on her complaint. (ECF No. 1-1 at 1, 3). She does not include an address for CCDC. Because both she and CCDC appear to be Nevada citizens, there is no diversity jurisdiction in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **September 12, 2022** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: August 11, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE